BERTHA GEIGER, ADMINISTRATRIX OF LOUIS GEIGER, DECEASED, v. THE WORTHEN & ALDRICH COMPANY.

Argued February Term, 1901—Decided June 10, 1901.

Where, in an action for death, the evidence shows that the deceased was about forty-seven years of age and was not earning above $10 a week, from which his own expenses must be deducted; that his wife was forty years of age and his two children eighteen and fourteen years of age, a verdict for $7,000 is excessive, the law limiting the recovery to damages for the pecuniary injury resulting from such death to decedent's wife and next of kin, and to that only.

In tort.

For the rule, *George Holmes* and *Charles C. Black.*

*Contra, Michael Dunn.*

PER CURIAM.

The plaintiff in this case obtained a verdict for damages at the Passaic Circuit for the loss sustained by the next of kin of the deceased, who lost his life on the night of February 5th, 1900, by the breaking of a dam at the defendant's mill, in Bloomfield, Essex county. The defendant was allowed a rule to show cause by the trial judge why a new trial should not be granted. We are satisfied, from the evidence, that the deceased met his death by reason of the breaking of defendant's dam while the deceased was on duty as watchman in the employ of the defendant. We do not find any error in the rulings of the trial judge who presided, nor do we find that the verdict was against the clear weight of the evidence. We do think, however, that the verdict of $7,000 is excessive. The law limits the recovery to damages for the pecuniary injury resulting from such death to the wife and next of kin of such deceased person, and for that alone.

Considering that the deceased was about forty-seven years of age, and was not earning above $10 a week, from which his own expenses must be deducted; that his wife was about forty years of age, and his two children eighteen and fourteen years of age, and considering also the various contingencies that are to be regarded in estimating the probable pecuniary loss to the family, we think a verdict for $4,000 as large as should be allowed to stand against the defendant.

If the plaintiff will remit all above that amount, the verdict may stand; otherwise the rule must be made absolute.